KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 Washington blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Plaintiff
Mark Viniello and Over Active Imaginations, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK VINIELLO AND OVER ACTIVE IMAGINATIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CATALONIA FASHION AND LIDERSTAR<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

Page

COMPLAINT FOR PATENT INFRINGEMENT ........ 3

PARTIES ........ 3

JURISDICTION ........ 4

VENUE ........ 5

THE ASSERTED PATENTS ........ 6

DEFENDANT'S INFRINGING USE ........ 9

FIRST CLAIM FOR RELIEF ........ 11

(Infringement of the '669 Patent) ........ 11

SECOND CLAIM FOR RELIEF ........ 12

(Infringement of the '792 Patent) ........ 12

THIRD CLAIM FOR RELIEF ........ 14

(Infringement of the '055 Patent) ........ 14

PRAYER FOR RELIEF ........ 15

DEMAND FOR JURY TRIAL ........ 16

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mark Viniello ("Plaintiff" or "Viniello"), for its complaint against Defendant CATALONIA FASHION ("Defendant" or "Catalonia Fashion") and Defendant Liderstar ("Defendant" or Liderstar) (collectively "Defendants"), hereby demands a jury trial and alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement of United States Design Patent Nos. D743,669 ("the '669 Patent"), D751,792 ("the '792 Patent") and D792,055 ("the '055 Patent") (collectively the "Asserted Patents"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq.*

**PARTIES**

2. Plaintiff Mark Viniello is an individual and resident of California.

3. Plaintiff Over Active Imaginations, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business at 22409 Georgia Lane, Santa Clarita, CA 91350.

4. Plaintiff Mark Viniello is the owner of the '669 patent and the '792 patent.

5. The inventors of the '055 Patent, Mark Viniello and Tristy Anne Viniello, assigned ownership of the '055 Patent to Over Active Imaginations, Inc. on October 29, 2015. The signed assignment contract is attached as Exhibit 1 and is available at https://legacy-assignments.uspto.gov/assignments/assignment-pat-36927-650.pdf.

6. Defendant Catalonia Fashion is a corporation organized and existing under unknown laws, with its principal place of business at 17145 Margay Ave Carson, California US 90746. A screenshot from https://cataloniastore.com/pages/returns-exchanges is attached as Exhibit 2 showing this address on page 3 as Defendant's place of business in California.

7. On information and belief, a search through various state entity databases indicates that Catalonia Fashion is not incorporated in the United States.

8. Defendant Liderstar is a corporation organized and existing under unknown laws, with its principal place of business also unknown.

9. On information and belief, a search of Liderstar's website liderstar-store.com did not uncover an address. A search through various state entity databases indicates that Liderstar is not incorporated in the United States.

10. On information and belief, there may be other corporate affiliates of Defendants who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION

11. This is an action for infringement of claims of the '669 Patent, the '792 Patent, and the '055 Patent, which were each duly issued by the United States Patent and Trademark Office. A true and accurate copy of the '669 patent is attached as Exhibit 3 to this Complaint. A true and accurate copy of the '792 patent is attached as Exhibit 4 to this Complaint. A true and accurate copy of the '055 patent is attached as Exhibit 5 to this Complaint.

12. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*.

13. This court has personal jurisdiction over Defendant Catalonia Fashion because Catalonia Fashion resides in California. Catalonia Fashion resides in California because: (i) its principal place of business is in California, at 17145 Margay Ave Carson, California US 90746, because this is the only address listed on its website.

14. This court has personal jurisdiction over Defendant Catalonia Fashion because under Federal rule of civil procedure 4(k)(2), foreign defendants are subject to personal jurisdiction in any state in which the foreign defendant has had sufficient minimum contacts. Catalonia Fashion has sufficient minimum contacts because of its sales on its website cataloniastore.com and its sales on Amazon.com within California, including within this judicial district.

15. This Court also has specific personal jurisdiction over Catalonia Fashion because, on information and belief, Catalonia Fashion has directly infringed the claims of the Asserted Patents by selling Mermaid shaped sleeping bags on https://cataloniastore.com/collections/mermaid-blankets and its Amazon store at https://www.amazon.com/stores/page/26D1ADD2-92BA-4A21-877C-EE49030F59AF?ingress=2&visitId=f111b6b4-5964-4565-ade7-22a107372fec&ref_=ast_bln within California, including within this judicial district. For the reasons set forth below, such sales directly infringe the claims of the Asserted Patents. Thus, Catalonia Fashion is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

16. This court has personal jurisdiction over Defendant Liderstar because under Federal rule of civil procedure 4(k)(2), foreign defendants are subject to personal jurisdiction in any state in which the foreign defendant has had sufficient minimum contacts. Liderstar has sufficient minimum contacts because of its sales on its website liderstar-store.com and its sales on Amazon.com within California, including within this judicial district.

17. This Court also has specific personal jurisdiction over Liderstar because, on information and belief, Liderstar has directly infringed the claims of the Asserted Patents by selling Mermaid shaped sleeping bags on https://liderstar-store.com/products/glow-in-the-dark-tail-mermaid-blanket and its Amazon store at https://www.amazon.com/LIDERSTAR-Fishtail-Positive-Christmas-Birthday/dp/B07SD5KGVT?ref_=ast_sto_dp&th=1 within California, including within this judicial district. For the reasons set forth below, such sales directly infringe the claims of the Asserted Patents. Thus, Catalonia Fashion is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

## VENUE

18. Venue is proper over the Defendant in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

19. Venue is proper over Defendant because Defendant resides in this district, because Defendant's principal place of business is located in this district, at 17145 Margay Ave Carson, California US 90746, CA 94109. See 28 U.S.C. § 1400(b).

20. The Accused Products are products sold at https://cataloniastore.com/collections/mermaid-blankets, products sold at Catalonia Fashion's Amazon store at https://www.amazon.com/stores/page/26D1ADD2-92BA-4A21-877C-EE49030F59AF?ingress=2&visitId=f111b6b4-5964-4565-ade7-22a107372fec&ref_=ast_bln, products sold at https://liderstar-store.com/products/glow-in-the-dark-tail-mermaid-blanket and products sold at Liderstar's Amazon store at https://www.amazon.com/LIDERSTAR-Fishtail-Positive-Christmas-Birthday/dp/B07SD5KGVT?ref_=ast_sto_dp&th=1 (collectively "the Accused Products").

21. Venue is also proper over Defendant because: (i) on information and belief, Defendant has committed direct infringement in this district, including by selling the Accused Products in connection with its provision of services to customers in this district.

22. Thus, venue is proper over Defendant under 28 U.S.C. § 1400(b), because Defendant resides in this district, has committed acts of infringement in this district, and has regular and established places of business in this district.

## INTRADISTRICT ASSIGNMENT

23. This case is a patent infringement dispute that is appropriate for district-wide assignment. Assignment to the Western Division is appropriate because a substantial part of the events that gave rise to the claims asserted in this Complaint occurred in Los Angeles County.

## THE ASSERTED PATENTS

24. Mark Viniello is the sole named inventor of the '669 patent and the '792 patent.

25. On February 25, 2013, Mark Viniello filed with the United States Patent and Trademark Office ("USPTO") Patent Application no. 29/446,520 (the '520 application) directed to his inventions. On November 24, 2015, the USPTO issued the '669 patent from the '520 application.

26. The ‘669 patent is valid and enforceable. The ‘669 patent claims patent-eligible matter.

27. Catalonia Fashion had actual knowledge of the ‘669 patent at least as of November 14, 2023 when an email regarding this patent was sent to help@cataloniastore.com.

28. A copy of this November 14, 2023 email is attached as Exhibit 6 to this Complaint.

29. Liderstar has actual knowledge of the ‘669 patent at least as of November 1, 2023 when a message regarding this patent was sent to Raul Camacho, who might be a manager for Liderstar, based on his LinkedIn profile, attached as Exhibit 7 to this Complaint. An email was not sent because no email address for Liderstar could be located.

30. A copy of this November 1, 2023 message is attached as Exhibit 8 to this Complaint.

31. Another message regarding the ‘669 patent was sent to Mario Grenno, who might be a director of Liderstar, based on his LinkedIn profile, attached as Exhibit 9 to this Complaint.

32. A copy of this November 1, 2023 message is attached as Exhibit 10 to this Complaint.

33. The entire right, title, and interest in and to the ’669 patent, including all rights to past damages, is assigned to Mark Viniello. No assignment needs to be recorded with the USPTO, because without an assignment, title rests with the inventor.

34. Mark Viniello is the sole named inventor of the ‘792 patent.

35. On March 25, 2015, Mark Viniello filed with the United States Patent and Trademark Office (“USPTO”) Patent Application no. 29/521,696 (the ‘696 application) directed to his inventions. On March 22, 2016, the USPTO issued the ’792 patent from the ‘696 application.

36. The ‘792 patent is valid and enforceable. The ‘792 patent claims patent-eligible matter.

37. Catalonia Fashion had actual knowledge of the ‘792 patent at least as of November 14, 2023 when an email regarding this patent was sent to help@cataloniastore.com.

38. A copy of this November 14, 2023 email is attached as Exhibit 6 to this Complaint.

39. Liderstar has actual knowledge of the ‘792 patent at least as of November 1, 2023 when a message regarding this patent was sent to Raul Camacho, who might be a manager for Liderstar, based on his LinkedIn profile, attached as Exhibit 7 to this Complaint. An email was not sent because no email address for Liderstar could be located.

40. A copy of this November 1, 2023 message is attached as Exhibit 8 to this Complaint.

41. Another message regarding the ‘792 patent was sent to Mario Grenno, who might be a director of Liderstar, based on his LinkedIn profile, attached as Exhibit 9 to this Complaint.

42. A copy of this November 1, 2023 message is attached as Exhibit 10 to this Complaint.

43. The entire right, title, and interest in and to the ’792 patent, including all rights to past damages, is assigned to Mark Viniello. No assignment needs to be recorded with the USPTO, because without an assignment, title rests with the inventor.

44. Mark Viniello along with his wife Tristy Anne Viniello are the co-inventors of the ‘055 patent.

45. On October 30, 2015, Mark Viniello and Tristy Anne Viniello filed with the United States Patent and Trademark Office (“USPTO”) Patent Application no. 29/544,162 (the ‘162 application) directed to his inventions. On July 18, 2017, the USPTO issued the ’055 patent from the ‘162 application.

46. The ‘055 patent is valid and enforceable. The ‘055 patent claims patent-eligible matter.

47. Catalonia Fashion had actual knowledge of the ‘055 patent at least as of November 14, 2023 when an email regarding this patent was sent to help@cataloniastore.com.

48. A copy of this November 14, 2023 email is attached as Exhibit 6 to this Complaint.

49. Liderstar has actual knowledge of the ‘055 patent at least as of November 1, 2023 when a message regarding this patent was sent to Raul Camacho, who might be a manager for Liderstar, based on his LinkedIn profile, attached as Exhibit 7 to this Complaint. An email was not sent because no email address for Liderstar could be located.

50. A copy of this November 1, 2023 message is attached as Exhibit 8 to this Complaint.

51. Another message regarding the ‘055 patent was sent to Mario Grenno, who might be a director of Liderstar, based on his LinkedIn profile, attached as Exhibit 9 to this Complaint.

52. A copy of this November 1, 2023 message is attached as Exhibit 10 to this Complaint.

53. The entire right, title, and interest in and to the ’055 patent, including all rights to past damages, is assigned to Over Active Imaginations, Inc. on October 29, 2015. The signed assignment contract is attached as Exhibit 1 and was found at https://legacy-assignments.uspto.gov/assignments/assignment-pat-36927-650.pdf.

**DEFENDANT'S INFRINGING USE**

54. On information and belief, Defendant Catalonia Fashion and/or their affiliates, have directly infringed claim 1 of the '669 Patent, the '792 Patent, and the '055 Patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of a "Mermaid shaped sleeping bag", and other products depicted on Defendant's websites and sold on third party websites within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the November 24, 2029 expiration date of the '669 Patent, the March 22, 2030 expiration date of the '792 Patent, and the July 18, 2032 expiration date of the '055 Patent (the "Relevant Time Period").

55. One example of Catalonia Fashion's sale of infringing products is the "Mermaid shaped sleeping bag" on https://cataloniastore.com/collections/mermaid-blankets. A screenshot of this website providing exemplary evidence of infringement of the Asserted Patents is attached to this Complaint as Exhibit 11 to this Complaint.

56. Another example of Catalonia Fashion's sale of infringing products is the Mermaid tail blankets on its Amazon store at https://www.amazon.com/stores/page/26D1ADD2-92BA-4A21-877C-EE49030F59AF?ingress=2&visitId=f111b6b4-5964-4565-ade7-22a107372fec&ref_=ast_bln. A screenshot of this website providing exemplary evidence of infringement of the Asserted Patents is attached to this Complaint as Exhibit 12 to this Complaint.

57. On November 11, 2023, Amazon was informed of the infringement of the Asserted Patents by Catalonia Fashion through Amazon's reporting tool at https://www.amazon.com/report/infringement. These reports are attached to this Complaint as Exhibits 13-15. However, the reports did not result in Amazon removing any Accused Products.

58. There are potentially other infringing products being sold by Catalonia Fashion, which may be uncovered in discovery. Plaintiff reserves the right to amend this Complaint to name such infringing products, if necessary, once they have been revealed.

59. On information and belief, Defendant Liderstar and/or their affiliates, have directly infringed claim 1 of the '669 Patent, the '792 Patent, and the '055 Patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of a "Glow in the dark Mermaid tail blanket", and other products depicted on Defendant's websites and sold on third party websites within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the "Relevant Time Period.

60. One example of Liderstar's sale of infringing products is the "Glow in the dark Mermaid tail blanket" on https://liderstar-store.com/products/glow-in-the-dark-tail-mermaid-blanket. A screenshot of this website providing exemplary evidence of infringement of the Asserted Patents is attached to this Complaint as Exhibit 16 to this Complaint.

61. Another example of Liderstar's sale of infringing products is the Mermaid tail blankets on its Amazon store at https://www.amazon.com/LIDERSTAR-Fishtail-Positive-Christmas-Birthday/dp/B07SD5KGVT?ref_=ast_sto_dp&th=1. A screenshot of this website providing exemplary evidence of infringement of the Asserted Patents is attached to this Complaint as Exhibit 17 to this Complaint.

62. On November 11, 2023, Amazon was informed of the infringement of the Asserted Patents by Liderstar through Amazon's reporting tool at https://www.amazon.com/report/infringement. These reports are attached to this Complaint as Exhibits 18-20. However, the reports did not result in Amazon removing any Accused Products.

63. There are potentially other infringing products being sold by Liderstar, which may be uncovered in discovery. Plaintiff reserves the right to amend this Complaint to name such infringing products, if necessary, once they have been revealed.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '669 Patent)**

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-47 above as if fully set forth herein and further alleges:

65. Defendants have committed, and is continuing to commit, direct infringement of the claim of the '669 patent, in violation of 35 U.S.C. § 271(a), by selling products that are described by the claim in the U.S., during the Relevant Time Period. Defendants' acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

66. Defendants have infringed and continue to infringe the claim of the '669 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.

67. Defendants have continued their infringement despite having notice of the '669 Patent. Defendants have committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendants' acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

68. Defendants have indirectly infringed and continues to infringe the '669 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continues to induce users and retailers of the Accused Products to directly infringe the '669 patent.

69. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online.

70. On information and belief, Defendants have contributed to the infringement of the '669 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c). The Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

71. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the '669 Patent.

72. Defendants' acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendants' acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

73. As a direct and proximate result of Defendants' infringement of the '669 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendants are enjoined by this Court from continuing its infringement of the '669 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '792 Patent)**

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-57 above as if fully set forth herein and further alleges:

75. Defendants have committed direct infringement of each claim of the '792 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each claim in the U.S., during the Relevant Time Period.

76. Defendants have infringed and continue to infringe one or more of the claims of the '792 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.

77. On information and belief, Plaintiff alleges Defendants have been, and are currently, infringing the '792 patent in violation of 35 U.S.C. § 271. Defendants' acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

78. Defendants have continued their infringement despite having notice of the '792 Patent. Defendants have committed and are committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendants' acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

79. Defendant has indirectly infringed and continues to infringe the '792 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe the '792 patent.

80. Upon information and belief, Defendants knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., www.PotteryBarn.com).

81. On information and belief, Defendants have contributed to the infringement of the '792 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c). The Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

82. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the '792 Patent.

83. Defendants' acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendants' acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

84. As a direct and proximate result of Defendants' infringement of the '792 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendants are enjoined by this Court from continuing its infringement of the '792 Patent, Plaintiff has, and will suffer, additional irreparable damages

and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

**THIRD CLAIM FOR RELIEF**

**(Infringement of the '055 Patent)**

85. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-68 above as if fully set forth herein and further alleges:

86. Defendants have committed direct infringement of each claim of the '055 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each claim in the U.S., during the Relevant Time Period.

87. Defendants have infringed and continue to infringe one or more of the claims of the '055 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.

88. On information and belief, Plaintiff alleges Defendant has been, and is currently, infringing the '055 patent in violation of 35 U.S.C. § 271. Defendant's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

89. Defendants have continued their infringement despite having notice of the '055 Patent. Defendants have committed and are committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendants' acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

90. Defendants have indirectly infringed and continues to infringe the '055 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe the '055 patent.

91. Upon information and belief, Defendants knowingly induced customers to use its Accused Products, including, for example, by promoting such products online.

92. On information and belief, Defendants have contributed to the infringement of the ’055 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c). The Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

93. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the ‘055 Patent.

94. Defendants’ acts of infringement are and have been without Plaintiff’s permission, consent, authorization or license. Defendants’ acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants’ wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

95. As a direct and proximate result of Defendants’ infringement of the ‘055 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff’s monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendants are enjoined by this Court from continuing its infringement of the ‘055 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. That each Defendant has infringed and is infringing the ‘669 Patent, the ‘792 patent, and the ‘055 patent;

B. That such infringement is willful;

C. That defendant be ordered to pay Plaintiff damages caused by said Defendant’s infringement of the ‘669 Patent, the ‘792 patent, and the ‘055 patent, and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs; and

E. That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Mark Viniello and Over Active Imaginations, Inc., hereby demands a jury trial on *all* of his claims, causes of action and issues that are triable by jury.

Dated: November 16, 2023

**MURTHY PATENT LAW INC.**

By: /s/ Karthik K. Murthy

Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
Mark Viniello and Over Active Imaginations, Inc.